UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:                                                    :
                                                          :
MATTER OF CERTAIN CLAIMS AND          :
NOTICING AGENTS' RECEIPT OF FEES IN   :          Misc. Pro. No. 22-00401(MG)
CONNECTION WITH UNAUTHORIZED         :
ARRANGEMENTS WITH XCLAIM INC.         :
                                                          :
-------------------------------------------------------------X

WHEREAS, in bankruptcy cases with a large number of creditors and equity security holders, a claims and noticing agent (a "claims agent") is routinely retained to assist the Clerk of Court with certain administrative tasks pertaining to providing notices to parties and processing proofs of claim;

WHEREAS, the Clerk of Court has approved certain private entities (collectively, the "Approved Claims Agents") to be retained in bankruptcy cases to act as his agent to assist with such administrative tasks;

WHEREAS, the retention of claims agents is governed by 28 U.S.C. § 156(c), S.D.N.Y. LBR 5075-1, and this Court's Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c) (the "SDNY Protocol");

WHEREAS, in the past several years, certain of the Approved Claims Agents entered into contracts with Xclaim Inc. ("Xclaim") – an entity that operates a claims-trading website – to synchronize claims registers and proofs of claim to the Xclaim website where such claims are posted for sale (the "Synchronization Agreements");

WHEREAS, under the Synchronization Agreements, Xclaim paid the participating Approved Claims Agent a fee (the "Fee") equal to a percentage of the commissions Xclaim collected from users for facilitating claims trades on Xclaim's website;

WHEREAS, until recently when the Judges of this Court began inquiring about these arrangements in open court, the existence of the Synchronization Agreements and receipt of the Fee was not disclosed in claims-agent retention applications or otherwise;

WHEREAS, in *In re Madison Square Boys & Girls Club, Inc.*, Case No. 22-10910 (SHL), Judge Sean H. Lane, by bench ruling on July 20, 2022 [ECF No. 82], rejected the arguments put forward by Approved Claims Agent Epiq Corporate Restructuring, LLC ("Epiq") and Xclaim and denied Epiq's retention as claims agent to the extent the claims register in the case was subject to the Synchronization Agreement between the parties;

1

WHEREAS, Judge Lane followed up his bench ruling in *Madison Square Boys & Girls Club* with a written opinion ("*Madison Square Opinion*") [ECF No. 143] explaining that the Synchronization Agreement violated 28 U.S.C. § 156(c) and the SDNY Protocol because, among other things, the agreement requires Epiq to perform activities that the Clerk could not engage in, in exchange for a Fee that the Clerk could not charge, and which is paid from a source not authorized by the statute;

WHEREAS, Epiq and certain other Approved Claims Agents have performed, and may be continuing to perform, activities under Synchronization Agreements with Xclaim in exchange for unauthorized Fees; and

WHEREAS, the Court, upon review of the notices to be filed by the Approved Claims Agents as set forth herein, subsequent briefing by interested parties including the United States Trustee on appropriate sanctions, and any further proceedings as necessary, may, after notice and a hearing, impose sanctions on the Approved Claims Agents who have performed under a Synchronization Agreement and received unauthorized Fees, including possible suspension from the Clerk of Court's list of Approved Claims Agents and/or disgorgement of Fees received.

NOW, THEREFORE, IT IS ORDERED that, on or before September 16, 2022, each Approved Claims Agent shall file a notice on the docket of this miscellaneous proceeding that includes:

- a description of any current or former business arrangement with Xclaim, the status of any such arrangement, a copy of any and all agreements memorializing any such arrangement, and list of all dates in which the Approved Claims Agent transmitted claims data to Xclaim other than in a format as provided to the public on the Approved Claims Agent's website;

- an accounting of any and all fees, costs, and reimbursements received, or to be received, from Xclaim through the date of the filing of the notice including the date, or anticipated date (if payment is expected in the future), of each payment;[1]

- a list of the bankruptcy cases, with a notation indicating the district in which the case was filed, in which the Approved Claims Agent served as a court-approved claims agent and Xclaim facilitated at least one claims trade from which the Approved Claims Agent

---

[1] The Approved Claims Agent must include all fees, costs, and reimbursements whether they were received in relation to bankruptcy cases in the Southern District of New York or any other district.

received, or will receive, a Fee or any other payment or reimbursement from Xclaim;[2]

- a description of any other oral or written agreements or arrangements with third parties within five years of the date of this Order in which the Approved Claims Agent, acting in its capacity as a claims agent under 28 U.S.C. § 156(c) as described in the *Madison Square Opinion*, has performed a task that the Clerk could not perform or has received a fee or reimbursement other than from the bankruptcy estate;

- an accounting of any and all fees, costs, and reimbursements received, or to be received, from such third parties through the date of the filing of the notice including the date, or anticipated date (if payment is expected in the future), of each payment;[3] and

- a list of the bankruptcy cases, with a notation indicating the district in which the case was filed, in which the Approved Claims Agent served as a court-approved claims agent and such third parties facilitated at least one claims trade from which the Approved Claims Agent received, or will receive, a fee or any other payment or reimbursement from such third parties.[4]

IT IS FURTHER ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 25, 2022
     New York, NY

                 *Martin Glenn*
                MARTIN GLENN
         Chief United States Bankruptcy Judge

---

[2]     This list must include cases filed in the Southern District of New York as well as cases filed in any other district.

[3]     The Approved Claims Agent must include all fees, costs, and reimbursements whether they were received in relation to bankruptcy cases in the Southern District of New York or any other district.

[4]     This list must include cases filed in the Southern District of New York as well as cases filed in any other district.

3

United States Bankruptcy Court

Southern District of New York

In re:                                                                                    Case No. 22-00401-mg

MATTER OF CERTAIN CLAIMS AND NOTICING AG                    Chapter

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0208-1                          User: admin                                          Page 1 of 2

Date Rcvd: Aug 25, 2022                 Form ID: pdf001                            Total Noticed: 10

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 27, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| intp | + | American Legal Claim Services LLC, 8021 Philips Highway, Suite 1, Attn: Jefrey Pirrung, Jacksonville, FL 32256-7460 |
| intp | + | BMC Group, Inc, 3732 West 120th Street, Attn: Tinamarie Feil, Hawthorne, CA 90250-3202 |
| intp | + | CPT Group, Inc., 50 Corporate Park, Irvine, CA 92606-5105 |
| intp | + | Donlin, Recano & Company, Inc., 6201 15th Avenue, Attn: Lillian Jordan & Nellwyn Voorhie, Brooklyn, NY 11219-5411 |
| intp | + | Epiq Corporate Restructuring, LLC, 777 Third Avenue, 12th Floor, Attn: Brad Tuttle, New York, NY 10017-1302 |
| intp | + | Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, Suite 300, Attn: Evan Gershbein, El Segundo, CA 90245-5614 |
| intp | + | Logan & Company, Inc., 546 Valley Rd., Attn: Kevin Sayers, Upper Montclair, NJ 07043-1871 |
| intp | + | Omni Agent Solutions, 5955 De Soto Avenue, Suite 100, Attn: Brian Osborne, CEO, Woodland Hills, CA 91367-5100 |
| intp | + | Stretto, 8269 E. 23rd Avenue, Suite 275, Attn: Robert Klamser, Denver, CO 80238-3597 |

TOTAL: 9

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| intp | Email/Text: EBN@primeclerk.com | Aug 25 2022 18:58:00 | Kroll Restructuring Administration LLC, (f/k/a Prime Clerk LLC), 55 East 52nd Street, 17th Floor, Attn: Christina Pullo & Benjamin Steele, New York, NY 10055 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| pla | | MATTER OF CERTAIN CLAIMS AND NOTICING AGENTS' RECE |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 27, 2022                          Signature:            /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 25, 2022 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| United States Trustee | USTPRegion02.NYECF@USDOJ.GOV |

TOTAL: 1