HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel.: (212) 918-3076
Fax: (212) 918-3100
John D. Beck

1735 Market St.
Philadelphia, PA 19103
Tel.: (267) 675-4614
Fax: (267) 675-4601
Kevin J. Carey
*(Admitted pro hac vice)*

*Counsel to Xclaim Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: Matter of Certain Claims and Noticing Agents' Receipt of Fees in Connection with Unauthorized Arrangements with Xclaim Inc.** | Miscellaneous Proceeding<br>Case No. No. 22-00401-mg |

### *EX-PARTE* MOTION OF XCLAIM INC. FOR ENTRY OF AN ORDER AUTHORIZING XCLAIM TO REDACT POTENTIALLY PERSONALLY IDENTIFIABLE INFORMATION FROM AND FILE UNDER SEAL ITS NOTICE OF CERTAIN EMAIL COMMUNICATIONS PURSUANT TO THE COURT'S OCTOBER 26, 2022 ORDER

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Xclaim Inc. ("Xclaim") respectfully submits this motion (the "Motion") pursuant to the Court's direction at the October 26, 2022 hearing (the "Hearing"), for the entry of an order in the form attached hereto as Exhibit A, authorizing Xclaim to redact certain identifying information from, and file under seal, its notice of filing of Xclaim's email communications with Latham & Watkins attached hereto in redacted form as Exhibit B (the "Notice of Filing of Latham

1

Communications") that the Court at the Hearing directed Xclaim to publicly file. In support of this Motion, Xclaim respectfully represents as follows:

**Background**

1. On August 25, 2022, the Court instituted this miscellaneous proceeding by directing each Approved Claims Agent to file a notice on the docket that includes, among other things, "a description of any current or former business arrangement with Xclaim." ECF No. 1 at 2.

2. On September 16, 2022, Kroll filed a Notice and Statement in this proceeding. ECF No. 11 (the "Kroll Submission"). On September 22, 2022, Xclaim filed a response to the Kroll Submission (the "Xclaim Submission"). ECF No. 16. In support of its rebuttal of certain allegations in the Kroll Submission, and to show its good faith and diligent efforts to establish a business model consistent with the bankruptcy court's principles and requirements, Xclaim attached certain correspondence to the Xclaim Submission, including its prior communications with federal officials discussing its business model, and an email string about Xclaim's business sent to Court and other governmental officials.

3. On September 23, 2022, the Court issued an Order to Show Cause (the "OSC") noting that the Court had "blocked public access" to the Xclaim Submission within hours of its filing due to what the Court perceived as "security risks." ECF No. 17. The OSC directed two representatives of Xclaim (Ryan Vollenhals and Matthew D. Sedigh) to show cause "why they should not be sanctioned for publicly disclosing the non-public personally identifiable information of multiple federal judges, high-ranking officers of the Administrative Office of the U.S. Courts, high-ranking officers of the Department of Justice, and court personnel" in "certain exhibits to the Xclaim Submission." OSC at 2.

4. On October 6, 2022, Xclaim submitted a letter to Chief Judge Glenn in response to the OSC (the "October 6 Letter'). ECF No. 25.

5. On October 26, 2022, Xclaim appeared before Chief Judge Glenn at the Hearing on the OSC. Finding a limited waiver of privilege based on Xclaim's invocation of an advice-of-counsel defense in its October 6 Letter, Judge Glenn ordered Xclaim to publicly file its correspondence with its prior counsel Latham & Watkins LLP (the "Latham Communications"), concerning the preparation of the Xclaim Submission (the "Disclosure Order").

6. However, given that some of the emails between Xclaim and Latham & Watkins contain the very information (including prior drafts of the Xclaim Submission) the Court has expressed concern over being publicly filed, Xclaim files this Motion for leave to redact, and file under seal, its Notice of Filing of Latham Communications to protect the information the Court has stated should not be publicly filed. Accordingly, Xclaim respectfully submits this Motion.

## Relief Requested

7. By this Motion, Xclaim requests entry of an order authorizing Xclaim's redaction of all arguably personally identifiable information (as enumerated in Section 101(41A) of the Bankruptcy Code, "PII") contained in its Notice of Filing of Latham Communications pursuant to the Disclosure Order.

8. A proposed form of order granting the relief requested herein is attached hereto as Exhibit A (the "Proposed Order").

## Basis For Relief Requested

9. The Court at the Hearing expressed its view that official government email addresses are PII pursuant to Section 101(41A) of the Bankruptcy Code and therefore should not be publicly filed. The US Trustee did not object to the Court's assertions at the Hearing.

3

10.     Xclaim's October 6 Letter did not take the position that governmental email addresses are not, or could not be, PII as defined in the Bankruptcy Code.[1] Xclaim's position, instead, is that there is no blanket rule prohibiting the public filing of any and every type of identifying information that could be deemed "PII" under Section 101(41A). Rather, absent further order of the Court, the only types of PII affirmatively prohibited from public disclosure are the categories listed in Bankruptcy Rule 9037. In the absence of any such express prohibition, the Bankruptcy Code's presumption of transparency controls. *See, e.g.*, Bankruptcy Code § 107(a); *In re Motors Liquidation Co.*, 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016); *In re Borders Grp., Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011); *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) ("The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved"); *see also* S.D.N.Y. ECF Rule 21.3 (requiring the redaction of documents containing only the following personal data identifiers: social security numbers, names of minor children, dates of birth, financial account numbers, and (in criminal cases) home addresses) (citing Fed. R. Civ. P. 5.2)). At the very least, it is not sufficiently clear that *all* potential PII is required to be proactively redacted such that Xclaim should be sanctioned for disclosing publicly available official government email addresses—particularly when work-related and government email addresses (as opposed to personal addresses, which Xclaim did not disclose) are routinely disclosed as a matter

---

[1] It is anything but clear, however, that the official email addresses contained in the exhibits to the Xclaim Submission are PII as defined in Section 101(41A). That section defines PII to include email addresses and some other types of identifying information solely "if provided by an individual [1] to the debtor [2] in connection with obtaining a product or a service from the debtor [3] primarily for personal, family, or household purposes" (brackets added). So far as Xclaim is aware, the contact information set out in the Xclaim Submission's exhibits meet *none* of these requirements: (1) there is no debtor in this miscellaneous proceeding, much less one that individuals provided with any relevant contact information; and (2) none of the information was provided in connection with obtaining any product or services from any debtor, for any personal, family or household purpose.

4

of course in the service filings of nearly every large bankruptcy case in this Court without repercussion.

11. Nevertheless, the Court clearly has concerns with the disclosure of the identifying information included in the Xclaim Submission's exhibits. Accordingly, Xclaim files this Motion to redact and file under seal all potential PII (as enumerated in Bankruptcy Code 101(41A)) contained within the Latham Communications, which includes prior drafts of the Xclaim Submission containing the very information causing the Court concern.

12. In addition to email addresses, Section 101(41A) of the Bankruptcy Code also provides that PII can include "the first name (or initial) and last name of such individual, whether given at birth or time of adoption, or resulting from a lawful change of name." As with email addresses, names only become PII under Section 101(41A) "if provided by an individual to a debtor in connection with obtaining a product or a service from the debtor" under certain circumstances not present here. *See* fn. 1 *supra*. That said, the rationale articulated by the Court at the Hearing as to email addresses would apply equally to names. Therefore, out of an abundance of caution, this Motion also seeks to redact names of all individuals other than Xclaim employees contained within the Latham Communications.[2]

13. In accordance with the Disclosure Order, Xclaim has contemporaneously herewith provided unredacted copies of the Latham Communications to the US Trustee.

---

[2] Of course, the fact that names are included within the definition of PII undercuts the notion that *all* PII must be proactively redacted (absent an applicable statute, rule or court order). Names of individual creditors are routinely filed without redaction in bankruptcy cases despite names clearly being within the definition of PII. Indeed, this Court's own ruling in *In re Celsius Network LLC* denied the debtor's request to redact "names of individual creditors" pursuant to Bankruptcy Code Section 107(c). *In re Celsius Network LLC*, Case No. 22-10964 (Sept. 28, 2022, ECF No. 910), at pg. 4, 28-30.

14. Accordingly, by this Motion and for the reasons set forth herein, Xclaim respectfully requests that this Court enter an order authorizing Xclaim to redact and file under seal the Latham Communications pursuant to the Court's Disclosure Order.

### Prior Request

15. Xclaim made an oral motion at the Hearing seeking the same relief sought in this Motion and was directed by the Court to file this Motion. No other motion for the relief sought herein has been made to this or any other Court.

### Notice

16. Notice of this Motion has been given to the following parties or their respective counsel: (a) the United States Trustee and (b) the claims and noticing agents, including: American Legal Claim Services LLC, BMC Group, Inc, CPT Group, Inc., Donlin, Recano & Company, Inc., Epiq Corporate Restructuring, LLC, Kroll Restructuring Administration LLC, Kurtzman Carson Consultants LLC, Logan & Company, Inc., Omni Agent Solutions, and Stretto. Xclaim submits that such notice is sufficient and no other or further notice need be provided.

WHEREFORE Xclaim respectfully requests entry of the Proposed Order granting the relief requested herein.

Dated: October 27, 2022
      New York, New York

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/ John D. Beck*
John D. Beck
390 Madison Avenue
New York, NY 10017
Tel.: (212) 918-3076

Fax: (212) 918-3100
john.beck@hoganlovells.com

Kevin J. Carey
*(Admitted pro hac vice)*
1735 Market St.
Philadelphia, PA 19103
Tel.: (267) 675-4614
Fax: (267) 675-4601
kevin.carey@hoganlovells.com

*Attorneys for Xclaim, Inc.*

7

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re: Matter of Certain Claims and Noticing Agents' Receipt of Fees in Connection with Unauthorized Arrangements with XClaim Inc.** | Miscellaneous Proceeding<br>Case No. No. 22-00401-mg |

**ORDER AUTHORIZING XCLAIM TO REDACT POTENTIALLY PERSONALLY IDENTIFIABLE INFORMATION FROM AND FILE UNDER SEAL ITS NOTICE OF FILING OF LATHAM COMMUNICATIONS**

Upon the Motion, dated October 27, 2022 (the "Motion"),[1] of Xclaim Inc. ("Xclaim"), for entry of an order authorizing Xclaim to redact and file under seal the Notice of Filing of Latham Communications that the Court directed Xclaim to produce at the Hearing; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled by this Court; and this Court having determined that the legal and factual bases set forth in the Motion justify the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid harm to all parties in interest; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided, and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is granted to the extent set forth herein.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. Xclaim is authorized to redact any potential PII from the Notice of Filing of Latham Communications as proposed on Exhibit B to the Motion.

3. An unredacted copy of the Notice of Filing of Latham Communications shall not be filed on the public docket, except as otherwise provided by a further order of this Court.

6. To the extent not previously done so, Xclaim shall provide an unredacted copy of the Notice of Filing of Latham Communications to the Office of the U.S. Trustee.

7. Xclaim is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. Xclaim shall unseal or dispose of the confidential information at the conclusion of this matter.

9. This Order is without prejudice to the rights of any party in interest, or the US Trustee, to seek to unseal the Latham Communications or any part thereof.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2022
      New York, New York

                                             THE HONORABLE MARTIN GLENN
                                             UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**Redacted Notice of Filing of Latham Communications**

**HOGAN LOVELLS US LLP**
John D. Beck
Sara M. Posner
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: john.beck@hoganlovells.com
         sara.posner@hoganlovells.com

*Counsel to Xclaim Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>MATTER OF CERTAIN CLAIMS AND NOTICING AGENTS' RECEIPT OF FEES IN CONNECTION WITH UNAUTHORIZED ARRANGEMENTS WITH XCLAIM INC. | Misc. Pro. No. 22-00401 (MG) |

### NOTICE OF FILING OF REDACTED LATHAM COMMUNICATIONS

**PLEASE TAKE NOTICE** that a hearing was held on October 26, 2022 on the *Order to Show Cause Why the Xclaim Accountholders Should Not be Sanctioned for Publicly Filing Personally Identifiable Information of Federal Judges and Other Government Officials* (the "Hearing");

**PLEASE TAKE FURTHER NOTICE**, that at the Hearing, after Xclaim's invocation of an advice-of-counsel defense, the Court ordered Xclaim to produce its communications with Latham & Watkins LLP ("Latham") relating to the filing of the *Letter from Matthew Sedigh on behalf of Xclaim Inc* [ECF No. 16] (the "Xclaim Submission");

**PLEASE TAKE FURTHER NOTICE THAT** on October 27, 2022, Xclaim filed an *Ex-Parte Motion of Xclaim Inc. for Entry of an Order Authorizing Xclaim to Redact Potentially*

1

*Personally Identifiable Information From and File Under Seal Its Notice of Certain Email Communications Pursuant to the Court's October 26, 2022* [ECF No. ___];

**PLEASE TAKE FURTHER NOTICE** that on October ___, 2022, the Court entered an *Order Authorizing Xclaim To Redact Potentially Personally Identifiable Information From and File Under Seal Its Notice of Filing of Latham Communications* [ECF No. ___] ( the "Order");

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Order, attached hereto as Exhibits 1 through 11 are the redacted Latham Communications;

**PLEASE TAKE FURTHER NOTICE** that at the Hearing the Court asked Xclaim if its former counsel at Latham was married to a partner of Xclaim, to which the answer provided the Court was that a former partner of Xclaim is married to Xclaim's former counsel at Latham;

**PLEASE TAKE FURTHER NOTICE** that Xclaim hereby seeks to clarify the record of the Hearing and states that its former counsel at Latham is married to a person who at the time of Latham's advice regarding the Xclaim Submission was a partner of Xclaim, but was no longer a partner of Xclaim as of the time of the Hearing.

Dated: October 27, 2022
       New York, New York

**HOGAN LOVELLS US LLP**

/s/ _____
John D. Beck
Sara M. Posner
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: john.beck@hoganlovells.com
      sara.posner@hoganlovells.com

*Counsel to Xclaim Inc.*