UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                                      :
                                                            :
MATTER OF CERTAIN CLAIMS AND                                :
NOTICING AGENTS' RECEIPT OF FEES IN                         :      Misc. Pro. No. 22-00401 (MG)
CONNECTION WITH UNAUTHORIZED                                :
ARRANGEMENTS WITH XCLAIM INC.                               :
                                                            :
------------------------------------------------------------X

# ORDER GRANTING UNITED STATES TRUSTEE'S REQUEST (I) DIRECTING CLAIMS AND NOTICING AGENTS TO PROVIDE ADDITIONAL DISCLOSURES AND (II) FIXING DEADLINES

WHEREAS, pursuant to this Court's order dated August 25, 2022 [ECF No. 1] (the "MP Order") commencing the above-captioned miscellaneous proceeding (the "Miscellaneous Proceeding"), each of the Approved Claims Agents[1] filed a notice setting forth, *inter alia*, the existence of any business arrangement or agreement it has or had with Xclaim, Inc. ("Xclaim") and/or other third-party and certain additional information concerning any such agreement, and any other activities performed as a claims agent under 28 U.S.C. § 156(c) that the Clerk of Court could not ordinarily perform; and

WHEREAS, pursuant to this Court's order dated September 30, 2022, regarding further proceedings [ECF No. 19] (the "Further Order"), the United States Trustee filed a letter [ECF No. 28] (the "UST Letter"), among other things, (i) requesting that the Court direct the Approved Claims Agents to provide additional disclosures (the "Additional Disclosures") to complete the record and (ii) reserving all rights to request that the Court extend any briefing deadlines to file pleadings addressing what sanctions, if any, should be imposed against the Approved Claims Agents to afford the Court and the United States Trustee sufficient time to evaluate the Additional Disclosures; and

WHEREAS, on November 17, 2022, the Court held a hearing at which it informed the parties that the Court would defer ruling on whether and to what extent sanctions should issue, and consider the United States Trustee's request for the Additional Disclosures and any opposition thereto.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Approved Claims Agents that were party to a Synchronization Agreement[2] or business arrangement with Xclaim or other third

---

[1] The Approved Claims Agents are: American Legal Claims Services LLC, BMC Group, Inc., CPT Group, Inc., Donlin, Recano, & Company Inc., Epiq Corporate Restructuring, LLC, Kroll Restructuring Administration LLC, (formerly Prime Clerk LLC), Kurtzman, Carson Consultants LLC, Logan & Company, Inc., Omni Agent Solutions, Inc., and Stretto, Inc.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the MP Order.

party, or otherwise performed activities as a claims agent under 28 U.S.C. § 156(c) that the Clerk of Court could not perform (the "Responsible Claims Agents") shall file, on or before **4:00 p.m. (ET), December 8, 2022**, an appropriate declaration on the docket in this proceeding containing the following Additional Disclosures:

(A) a schedule of all pending bankruptcy cases (with a notation indicating the district where the case was filed) in which the Responsible Claims Agent was approved by the Bankruptcy Court to be retained as a (i) noticing and claims agent pursuant to 28 U.S.C. § 156(c), and/or (ii) consultant, agent, advisor or other professional pursuant to sections 327 or 1104 of the Bankruptcy Code, as of the effective date of any Synchronization Agreement or similar business arrangement between such Responsible Claims Agent and Xclaim or other third-party;

(B) a schedule of all subsequent bankruptcy cases (with a notation indicating the district where such case was filed) in which the Responsible Claims Agent was approved by the Bankruptcy Court to be retained as a (i) noticing and claims agent pursuant to 28 U.S.C. § 156(c), and/or (ii) consultant, agent, advisor or other professional pursuant to sections 327 or 1104 of the Bankruptcy Code, from the effective date of any Synchronization Agreement or similar business arrangement between such Responsible Claims Agent and Xclaim or other third-party, to the date such Synchronization Agreement or similar business arrangement was terminated;

(C) for each bankruptcy case identified in the above schedules, a description of whether the Responsible Claims Agent disclosed in its retention application (including any exhibits or declarations in support thereof), or in any subsequent filing, the existence of the Synchronization Agreement or its connection or other similar business arrangement with Xclaim or other third party;

(D) for each bankruptcy case identified in the above schedules, an accounting of all fees, costs, and reimbursements received, or approved by the applicable Bankruptcy Court to be received, in connection with such retention (i) pursuant to 28 U.S.C. § 156(c) and (ii) pursuant to 11 U.S.C. § 327 or § 1103; and

(E) the Responsible Claims Agent's designation of an officer, director, agent, employee, or other person responsible for, or with personal knowledge of, the negotiation and oversight of any Synchronization Agreement or other similar business arrangement or connection with Xclaim or any other third-party (the "Designated Person").

IT IS FURTHER ORDERED that the Responsible Claims Agents shall produce to the United States Trustee as soon as possible but no later than **5:00 p.m. (ET), December 12, 2022**, any email communications and/or other documentation from or with Xclaim or other third-party concerning the disclosure of any Synchronization Agreement or other similar business arrangement or connection between Xclaim or any other third-party and the Responsible Claims Agent, in any application for the Responsible Claims Agent to be retained as (i) noticing and claims agent pursuant to 28 U.S.C. § 156(c), and/or (ii) consultant, agent, advisor or other

professional pursuant to section 327 or 1104 of the Bankruptcy Code.  The United States Trustee's and the Responsible Claims Agents' rights to attach emails or documents or otherwise use information contained therein in papers filed with the court, at depositions or otherwise, are fully reserved.

IT IS FURTHER ORDERED that the United States Trustee may take the deposition of any Designated Person on not less than five (5) days' notice; and all such depositions shall be completed no later than **5:00 p.m. (ET), December 30, 2022**, without prejudice to any party to seek a further extension of such deadline with the Court.

IT IS FURTHER ORDERED that on or before **5:00 p.m. (ET), January 13, 2023**, the Approved Claims Agents and the United States Trustee may each file a brief not to exceed twenty (20) double-spaced pages to supplement its prior pleadings outlining what sanctions should be imposed on the Responsible Claims Agents, without prejudice to any party to seek a further extension of such deadline with the Court.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED:**

Dated:  December 7, 2022
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　**/s/ Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　Chief United States Bankruptcy Judge