```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                       :
                                                             :
MATTER OF CERTAIN CLAIMS AND                                 :
NOTICING AGENTS' RECEIPT OF FEES IN                          :   Misc. Pro. No. 22-00401(MG)
CONNECTION WITH UNAUTHORIZED                                 :
ARRANGEMENTS WITH XCLAIM INC.                                :
                                                             :
-------------------------------------------------------------X
```

**JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 327, AND 1103, AND
BANKRUPTCY RULE 2014 FOR ENTRY OF CONSENT ORDER
APPROVING AGREEMENTS BETWEEN CERTAIN CLAIMS AND
NOTICING AGENTS AND THE UNITED STATES TRUSTEE**

TO:   THE HONORABLE MARTIN GLENN,
      CHIEF UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), Omni Agent Solutions, Inc. ("Omni"), Stretto, Inc. ("Stretto"), and Epiq Corporate Restructuring, LLC ("Epiq" and together with Omni and Stretto, the "Claims Agents") hereby submit this joint motion (the "Joint Motion") for the entry of a consent order, attached hereto as Exhibit 1, approving the: (1) Settlement Agreement between the United States Trustee and Omni (the "Omni Settlement Agreement"), attached as Exhibit A; (2) Agreement between the United States Trustee and Stretto (the "Stretto Agreement"), attached as Exhibit B; and (3) Settlement Agreement between the United States Trustee and Epiq (the "Epiq Settlement Agreement"), attached as Exhibit C. In support thereof, the United States Trustee and the Claims Agents respectfully state:

BACKGROUND

1.  Each of the Claims Agents has been approved by the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") to be retained in bankruptcy cases to act as the Clerk's agent for the purpose of assisting with certain administrative tasks pertaining to providing notices to parties and processing proofs of claim, pursuant to and in accordance with 28 U.S.C. § 156(c), the Bankruptcy Court's Local Bankruptcy Rule 5075-1, and the Bankruptcy Court's Protocol for the Employment of Claims and Noticing Agents Under 28 U.S.C. § 156(c) for the Bankruptcy Court for the Southern District of New York ("SDNY Protocol").

2.  Beginning in 2019, and into 2020, each of the Claims Agents entered into an "Exclusive Access Agreement" with Xclaim, Inc. ("Xclaim" and such agreements, the "Synchronization Agreements"). Pursuant to the terms of the Synchronization Agreements, the Claims Agent party thereto agreed to provide Xclaim with access to bankruptcy claims data in a

certain synchronized format to facilitate claims trading on Xclaim's platform (subject to certain exclusivity provisions as set forth in each Synchronization Agreement)[1] in exchange for a commission equal to 10% of the value of every consummated claim traded over Xclaim's platform in those bankruptcy cases where such Claims Agent acted as a court-appointed claims agent pursuant to 28 U.S.C. § 156(c).

3. On August 18, 2022, in the chapter 11 case of *In re Madison Square Boys & Girls Club, Inc.*, Case No. 22-10910-SHL, the Bankruptcy Court held that Epiq's entry into the Synchronization Agreements with Xclaim was inconsistent with its obligations and duties as claims and noticing agent under 28 U.S.C. § 156(c), the SDNY Protocol and the Code of Conduct for Judicial Employees. *See In re Madison Square Boys & Girls Club, Inc.*, 642 B.R. 487 (Bankr. S.D.N.Y. 2022), *appeal dismissed*, Case No. 22-CV-07575-KPF (U.S. District Court for the Southern District of New York), ECF No. 17.

4. On August 25, 2022, the Bankruptcy Court commenced the miscellaneous proceeding titled *In re Matter of Claims and Noticing Agents Receipt of Fees in Connection with Unauthorized Arrangements with Xclaim Inc.*, Misc. Pro. No. 22-00401-MG (the "Miscellaneous Proceeding"), wherein the Bankruptcy Court ordered (i) those certain claims agents approved to be retained in bankruptcy cases to act as administrative claims and noticing agents, including Omni, Stretto, and Epiq, to file a notice disclosing, *inter alia*, (a) an accounting of any and all fees, costs, and reimbursements received, or due to be received, from Xclaim through the filing of the notice, and (b) a list of all bankruptcy cases in which the approved claims agent served as a court-approved claims agent under 28 U.S.C. § 156(c) and Xclaim facilitated at least one claims trade from which that approved claims agent received or would receive a fee; and (ii) parties in interest, including the United States Trustee, to file briefs outlining what sanctions, if any, should be imposed on those approved claims agents that were a party to a Synchronization Agreement with Xclaim.

5. The United States Trustee has asserted that each of the Claims Agents was required to disclose its respective Synchronization Agreement(s) with Xclaim as a relevant connection in its retention applications or supplemental affidavits filed in those bankruptcy cases in which such agent was employed as a court-approved claims and noticing agent pursuant to 28 U.S.C. § 156(c) and/or other estate professional pursuant to 11 U.S.C. §§ 327 or 1103 from the date on which the agent entered into such agreement to the date that the agent terminated such agreement, and that such disclosure was relevant to evaluating disinterestedness in connection with any proposed employment as claims agent and/or estate professional.

6. Each of the Claims Agents has asserted, *inter alia*, that disclosure of its respective connection with Xclaim and entry into the Synchronization Agreement(s) was not required by 28 U.S.C. § 156, the SDNY Protocol, or Bankruptcy Rule 2014, it is not liable for any nondisclosure of its Synchronization Agreements with Xclaim, and that the Bankruptcy Court should not impose any sanctions against it in connection with the Synchronization Agreements.

---

[1] In Epiq's case, Epiq entered into an expressly non-exclusive Synchronization Agreement with Xclaim, dated June 24, 2022 which amended and superseded Epiq's initial Synchronization Agreement with Xclaim.

7. On February 16, 2023, the Bankruptcy Court held a status conference in the Miscellaneous Proceeding. At the conference, the United States Trustee advised the Court of certain agreements reached in principle with the Claims Agents concerning the disputed issues raised in the Miscellaneous Proceeding, which agreements were subject to further documentation and approval by the Bankruptcy Court.

8. By this Joint Motion, pursuant to sections 105(a), 327, and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, the United States Trustee and the Claims Agents seek this Court's approval of the annexed Agreements.

RELIEF SOUGHT

Under Section 105(a) of the Bankruptcy Code, the Bankruptcy Court is empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Further, sections 327 and 1103 of the Bankruptcy Code govern the retention of professional persons by the debtor-in-possession or an official committee appointed pursuant to 11 U.S.C. § 1102, in a proceeding under the Bankruptcy Code. *See* 11 U.S.C. §§ 327, 1103. In turn, Bankruptcy Rule 2014 applies to applications under sections 327 and 1103, and provides that a professional seeking to be retained pursuant to section 327 or 1103 "state. . . to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee" and must be "accompanied by a verified statement of the person to be employed setting forth [such connections]." Fed. R. Bakr. Proc. 2014.

The United States Trustee and the Claims Agents and their respective counsels have engaged in good faith, arms-length negotiations over the course of several weeks. The Agreements with the Claims Agents annexed hereto resolve all disputes concerning the issues raised in the Miscellaneous Proceeding, including the Claims Agents' nondisclosure of the Synchronization Agreements with Xclaim in such agents' retention applications and supporting affidavits to act as Court approved claims and noticing agents pursuant to 28 U.S.C. § 156(c) and/or as estate professionals pursuant to 11 U.S.C. §§ 327 or 1103, and what appropriate sanctions, if any, should be imposed against such Claims Agents in connection with the Synchronization Agreements, without the costs of further litigation. Accordingly, the parties submit that entry of the proposed order pursuant to Section 105(a) of the Bankruptcy Code approving the Agreements is appropriate.

3

CONCLUSION

WHEREFORE, the United States Trustee and the Claims Agents respectfully request that the Court enter an order approving the annexed Agreements and grant such other relief as just and proper.

Dated: New York, New York
April 3, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2
By:     /s/ Annie Wells
          Annie Wells
          Andrea B. Schwartz
          Andy Velez-Rivera
          Trial Attorneys
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004
Tel. (212) 510-0500

Omni Agent Solutions, Inc.
By:     /s/ William A. Clareman
          William A. Clareman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel. 212-373-3248

Stretto, Inc.
By:     /s/ Richard Levin
          Richard Levin
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
Tel. 212-891-1601

Epiq Corporate Restructuring, LLC
By:     /s/ Jack R. O'Connor
          Jack R. O'Connor
Levenfeld Pearlstein, LLC
120 S. Riverside Plaza, Suite 1800
Chicago, IL 60606
Tel. 312-476-7691

4