UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MATTER OF CERTAIN CLAIMS AND NOTICING AGENTS' RECEIPT OF FEES IN CONNECTION WITH UNAUTHORIZED ARRANGEMENTS WITH XCLAIM INC. | Misc. Pro. No. 22-00401 (MG) |

**RESERVATION OF RIGHTS
OF THE TWC LIQUIDATION TRUST TO THE
JOINT MOTION PURSUANT TO 11 U.S.C. §§ 105(a), 327, AND 1103,
AND BANKRUPTCY RULE 2014 FOR ENTRY OF CONSENT ORDER
APPROVING AGREEMENTS BETWEEN CERTAIN CLAIMS AND
NOTICING AGENTS AND THE UNITED STATES TRUSTEE**

Dean A. Ziehl (the "Liquidation Trustee"), solely in his capacity as Liquidation Trustee of the TWC Liquidation Trust formed pursuant to the *Fifth Amended Joint Chapter 11 Plan of Liquidation* of The Weinstein Company Holdings LLC and its affiliated debtors (collectively, the "TWC Debtors"), hereby reserves his rights with respect to the *Joint Motion Pursuant to 11 U.S.C. §§ 105(a), 327, and 1103, and Bankruptcy Rule 2014 for Entry of Consent Order Approving Agreements Between Certain Claims and Noticing Agents and the United States Trustee* [Docket No. 73] (the "Motion").

**RESERVATION OF RIGHTS**

1. On March 19, 2018 (the "Petition Date"), the Debtors commenced voluntary chapter 11 cases (the "TWC Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

2. On January 26, 2021, the Delaware Bankruptcy Court entered an order [TWC Docket No. 3203] confirming the *Fifth Amended Joint Chapter 11 Plan of Liquidation* [TWC Docket Nos. 3182 and 3195] (the "TWC Plan"), which became effective on February 18, 2021

DOCS_NY:47389.1

(the "TWC Plan Effective Date").  Pursuant to the TWC Plan and the accompanying Liquidation Trust Agreement, the Liquidation Trustee is appointed as successor-in-interest to, and the representative of, the TWC Debtors' estates for the retention, enforcement, settlement, or adjustment of all claims and rights, known and unknown, and all interests belonging to the TWC Debtors or their estates that arose prior to the TWC Plan Effective Date, except in connection with any proceeding relating to Sexual Misconduct Claims (as defined in the TWC Plan).

3. Epiq Corporate Restructuring, LLC ("Epiq") was retained by the TWC Debtors in the TWC Chapter 11 Cases under sections 156(c) and 327(a) of Title 11 of the United States Code (the "Bankruptcy Code").  During the pendency of the TWC Chapter 11 Cases, Epiq received in excess of $3 million for services rendered and reimbursement of expenses.

4. Pursuant to the Motion, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), requests the entry of a consent order approving, among other things, that certain *Settlement Agreement* between the United States Trustee and Epiq (the "Settlement Agreement").

5. Pursuant to the Settlement Agreement, "Epiq shall make a payment in the total aggregate amount of $500,000 (the "Settlement Payment") to the debtors, reorganized debtors, and/or a representative, designee, or successor of the debtors or the debtors' estate, as applicable, in each of the Subject Bankruptcy Cases. . . . As soon as reasonably practicable after receiving payment information from each Debtor, Epiq will pay each Debtor a *pro rata* portion of the Settlement Payment . . . ."

6. The TWC Chapter 11 Cases are identified as Subject Bankruptcy Cases in the *Declaration of Brad Tuttle of Epiq Corporation Restructuring, LLC in Response to December 7, 2022, Order Requiring Additional Disclosures* [Docket No. 54].

DOCS_NY:47389.1

7. The Settlement Agreement "does not bind or prejudice any rights or claims of any non-party . . . ." Settlement Agreement at ¶ 5. The Liquidation Trustee is not a party to the Settlement Agreement, did not receive formal notice of the Motion or Settlement Agreement, and was not consulted by the United States Trustee or Epiq with respect to the Settlement Agreement.

8. The Liquidation Trustee does not object to the Settlement Agreement. However, the Liquidation Trustee reserves its rights with respect to any claims, causes of action, defenses, or rights to setoff, that the TWC Debtors and/or the TWC Liquidation Trust may have with respect to Epiq arising from the TWC Chapter 11 Cases.

| | |
|---|---|
| Dated: April 10, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Jason H. Rosell* |
| | Jason H. Rosell |
| | 780 Third Avenue, 34th Floor |
| | New York, New York 10017 |
| | Telephone:  (212) 561-7700 |
| | Email:  jrosell@pszjlaw.com |
| | |
| | *Counsel to the Liquidation Trustee* |